IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-946-JLK
     Bank. Case No. 10-24424-SBB (involuntary Ch. 11)

In re
COLORADO SUN OIL PROCESSING LLC,

     Debtor.
_____

COLORADO MILLS LLC,

     Appellant,

v.

HARVEY SENDER, Ch. 11 trustee, and
SUNOPTA GRAINS AND FOOD, INC.,

     Appellees.
_____

AMENDED STAY ORDER AND ORDER ADMINISTRATIVELY
CLOSING APPEAL
_____

KANE, J.

     The parties in the underlying Chapter 11 bankruptcy proceedings are SunOpta and

Colorado Mills, both 50% owners of the Debtor, CSOP.  At issue are the actions of the

Chapter 11 trustee ("Trustee") in entering into an agreement under 11 U.S.C. § 363(b) to

sell the CSOP's principle asset, a vegetable oil processing plant and refinery, to SunOpta

over Colorado Mills's objection without proposing or waiting for a reorganization plan.

Colorado Mills contends the proposed sale is the result of "sub rosa" negotiations aimed

at thwarting its pre-existing contractual right of first refusal to purchase the refinery in the

event of a dissolution, and an improper exercise of the Trustee's § 363 authority in a

Chapter 11 case under these circumstances.

To effect the sale of the CSOP refinery, the Trustee filed two motions in the

Bankruptcy Court:  (1) a motion to approve certain bidding procedures including the use

of SunOpta as a "stalking-horse" bidder (the "Bid Procedures Motion") and (2) a separate

motion to approve the sale of all of the Debtor's assets to SunOpta in the event no

qualifying over-bid is received at auction (the "Sale Motion").  After a hearing on March

30, 2011, the Bankruptcy Court granted the Bid Procedures Motion which called for bids

to be submitted by May 4, 2011.  Colorado Mills moved immediately for leave to appeal

the Bid Procedures Order and SK Food, an interested food oil producer/wholesaler that is

party to executory contracts with CSOP, joined in that Motion.  The Sale Motion, for

obvious reasons, has not been addressed by the Bankruptcy Court and is set for hearing

on June 30, 2011.

Given that briefing on the Motion for Leave to Appeal would scarcely be

completed before the challenged May 4 bid deadline, Colorado Mills and SK Food moved

late in the evening on May 2d to stay the Bid Procedures Order and all further

proceedings in the Bankruptcy Court pending a ruling on the request for interlocutory

appeal.  (Docs. 12 & 13.)  I granted those Motions the following morning, *see* Order

(Doc. 14), but now AMEND my Order to REMAND the case to the Bankruptcy Court for

further development of the record.  I am concerned about the issues raised – in particular

the cross-allegations of bad faith and the potential that Chapter 11 proceedings are being

used or misused to gain tactical advantage in state court proceedings and without any intention of reorganizing the Debtor – but cannot make the determinations necessary to grant or deny leave to appeal the Bid Procedures Order on the briefs before me.  It is incumbent on the Bankruptcy Court to consider fully the merits of Colorado Mills's objections to the Trustee's proposed § 363 sale.  Accordingly, I AMEND my May 3, 2011 Order to clarify that the bid procedures authorized by the Bankruptcy Court on March 30, 2011, are stayed pending further consideration of Colorado Mills's objections to the proposed § 363 sale currently set for hearing on June 30, 2011.

With the bid and auction procedures forming the basis of this interlocutory appeal temporarily stayed, the status quo ante is retained and the risk of irreparable harm to Colorado Mills averted.  The overarching question on any appeal is the propriety of the § 363 sale of CSOP to SunOpta, independently – or at least not solely because – of the bid procedures used to effect it.  By requiring the Bankruptcy Court to consider the overarching question, perhaps more fully, before entertaining a motion for interlocutory review of the parties' agreement to effect that sale through "stalking horse" bid procedures, I will be in a better position to evaluate the propriety of interlocutory review generally.  I will also avoid piecemeal consideration of the § 363 sale issue overall and better effect the purpose and intent of 28 U.S.C. § 158(a).

Accordingly, the May 3, 2011 Order staying all proceedings in the Bankruptcy Court pending resolution of the Motion for Leave to Appeal the Bid Procedures Order (Doc. 14) is AMENDED as follows:

1.  The Motions of Colorado Mills and SK Food International to stay the bid and auction procedures authorized by the Bankruptcy Court pending a determination of the issues raised in this interlocutory appeal are GRANTED.

2.  However, rather than consider the merits of Motion for Leave to Appeal, I hold that Motion in ABEYANCE pending a determination on a full record of the Sale Motion in the Bankruptcy Court and REMAND the case to the Bankruptcy Court for that determination.

3.  Further, I ORDER Civil Action No. 11-cv-946-AP to be ADMINISTRATIVELY CLOSED until such time it is reopened on an appropriate motion for good cause shown.   If no motion to reopen is filed before July 29, 2011, the parties shall, on or before noon on August 1, 2011, file a STATUS REPORT informing me of the status of the Chapter 11 proceedings and the Sale Motion in particular.

Dated this 5th day of May, 2011, at Denver, Colorado.

**s/John L. Kane**_____
SENIOR U.S. DISTRICT JUDGE